IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Parentage of:<br><br>Z.V. | No. 84096-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — Jennafur Williams-Majid challenges the trial court's final orders entered in this de facto parentage proceeding. Williams-Majid fails to establish that the trial court erred in any respect. Therefore, we affirm.

FACTS

On July 15, 2020, Jennafur Williams-Majid filed a petition for de facto parentage of Z. Williams-Majid also requested that the court enter a parenting plan and a restraining order. In her response, Rebecca Rosa-Valentin asked the court to enter a restraining order and deny the petition or, in the alternative, to enter her proposed parenting plan. The trial court appointed a Guardian ad Litem (GAL) for Z in an agreed order. Both parties were ordered to pay half of the GAL fees.

Upon the joint request of the parties, the trial court conducted an informal trial via Zoom[1] on February 8, 2022. The trial court heard testimony from both parties, as well as the appointed GAL. The trial court also admitted all of the parties' proposed exhibits, including videos that were requested by the court.

[1] An internet-based videoconferencing platform.

The trial court concluded that, based on the stipulation of the parties under CR 2A, Williams-Majid was Z's de facto parent and ordered that her birth certificate be changed to reflect that conclusion. The trial court denied both parties' requests for a restraining order.

The trial court found that Williams-Majid had engaged in abusive use of conflict throughout the proceedings. In light of the abusive use of conflict finding, the trial court entered a finding under RCW 26.09.191 that certain restrictions were warranted and granted sole decision-making authority to Rosa-Valentin. The parenting plan established that Z would reside with Rosa-Valentin the majority of the time, but would spend significant residential time each month with Williams-Majid.

The issue of child support was largely uncontested and neither party requested a deviation from the standard calculation. The trial court adopted Rosa-Valentin's proposed child support worksheet, "which does not differ materially from Ms. Williams-Majid's worksheet." The trial court denied Rosa-Valentin's request for five years of back child support, as Z had resided primarily with Williams-Majid for a portion of those five years. Instead, the trial court awarded back support to Rosa-Valentin only to the first full month after the petition was filed.

Both parties requested attorney fees on the basis of the intransigence of the other party. The trial court denied both requests, as it found that "both parties contributed equally to the charged nature of the case," but also that "neither

party's conduct rises to the level of intransigence warranting the award of fees." The trial court also denied Rosa-Valentin's motion to reapportion the GAL fees.

Williams-Majid timely appealed.

ANALYSIS

I.    Fair Trial

Williams-Majid appeals the final orders entered by the trial court in her de facto parentage action.[2]  Williams-Majid asserts that the trial court violated her due process right to proceedings that are free from bias.  Specifically, Williams-Majid seems to argue that the trial court was biased toward Rosa-Valentin and the GAL, and failed to afford her evidence its proper weight.  We disagree.

All litigants have a due process right to a "fair trial in a fair tribunal."  In re Murchison, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955).  We presume that the proceedings are fair and the burden rests with the appellant to prove otherwise.  Cronin v. Cent. Valley Sch. Dist., 23 Wn. App. 2d 714, 760, 520 P.3d 999 (2022).

Williams-Majid does not assign error to any of the trial court's findings of fact nor its conclusions of law.[3]  "Unchallenged findings of fact are verities on appeal and unchallenged conclusions of law become the law of the case."  In re Marriage of Laidlaw, 2 Wn. App. 2d 381, 386, 409 P.3d 1184 (2018).  Furthermore, "'[t]he trial court is in a better position to make credibility

---

[2] Williams-Majid also asserts various challenges to the temporary parenting plan and related orders.  Because the temporary orders are no longer in effect, the portion of the appeal challenging them is moot.

[3] Williams-Majid's pro se status does not excuse her failure to assign error to any of the trial court's findings or conclusions.  "Courts hold pro se litigants to the same standards as attorneys."  In re Vulnerable Adult Pet. for Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020).

determinations, and if substantial evidence exists, this court will not substitute its judgment for that of the trial court on appeal.'" In re Dep. of G.L.L., 20 Wn. App. 2d 425, 431, 499 P.3d 984 (2021) (alteration in original) (quoting Currier v. Northland Servs., Inc., 182 Wn. App. 733, 741, 332 P.3d 1006 (2014)).

The trial court already considered the arguments that Williams-Majid makes here on appeal, that Rosa-Valentin, her counsel, and the GAL were all dishonest and behaved unethically. It expressly rejected those arguments in its findings which Williams-Majid does not challenge on appeal. For example, as to the GAL specifically, the trial court stated that it

> does not find that the GAL was biased against Ms. Williams-Majid. The GAL was faced with a highly contentious custody dispute where both parties were hurling accusations at one another. The GAL conducted a thorough investigation, focusing on the relevant considerations. That the GAL did not accept Ms. Williams-Majid's version of events, or that she chose not to interview every conceivable individual who might have something potentially relevant to say does not show bias.

Accordingly, Williams-Majid's contentions concerning the conduct of Rosa-Valentin, her attorney, and the GAL are not supported by the record and, in some instances, are directly contradicted by the unchallenged findings.

The trial court's findings and conclusions indicate that it considered the evidence presented and the arguments made by both parties in reaching its determination and was not biased toward either party. The trial court found that both parties had initially told "a version of events that was inconsistent with what was actually occurring or had occurred." Accordingly, the trial court did not adopt either party's proposed orders wholesale. Instead, the court indicated that it would be in the best interest of Z to adopt a parenting plan somewhere between

what each of the parties had proposed. That the trial court did not accept all of Williams-Majid's evidence as true is not indicative of bias.

Williams-Majid's argument that she did not receive a fair trial is not supported by the unchallenged findings of fact.[4] Her attempt to ignore those unchallenged findings is unavailing. Williams-Majid received all of the process that she was due.

## II. Child Support and Fees

Williams-Majid additionally asserts that the trial court erred by ordering her to pay child support, prospectively and retroactively, and by ordering her to pay GAL fees. She further asserts that these orders should have been voided pursuant to CR 60. Williams-Majid did not make these arguments in the trial court and we decline to consider them on appeal. RAP 2.5(a); In re Marriage of Wright, 179 Wn. App. 257, 264 n.17, 319 P.3d 45 (2013). Finally, Williams-Majid challenges the trial court's denial of her request for attorney fees.[5] In its detailed findings of fact, the trial court found that, "[w]hile the parties' litigation conduct during in [sic] this case was less than ideal, neither party's conduct rises to the level of intransigence warranting the award of fees." Williams-Majid did not assign error to this finding and, because the trial court's decision not to award fees to either party was supported by the unchallenged findings, the trial court did not err.

---

[4] Similarly, Williams-Majid's assertion that she was forced into an informal trial is not supported by the record. The record establishes that Williams-Majid requested and agreed to an informal trial.

[5] Williams-Majid also asserts that the trial court should have entered CR 11 sanctions against Rosa-Valentin's attorney. This argument was not made in the trial court and we decline to consider it for the first time on appeal. RAP 2.5(a).

III.    Attorney Fees on Appeal

Williams-Majid requests attorney fees on appeal.   However, Williams-Majid is not the prevailing party on appeal and did not comply with the requirement set out in RAP 18.1(b) to devote a section of her brief to the request. Accordingly, we decline to award her attorney fees on appeal.

Rosa-Valentine also requests attorney fees on appeal, alleging that she is entitled because Williams-Majid's appeal was frivolous.   A party may recover attorney fees pursuant to RAP 18.9 if the petitioner files a frivolous appeal.   "An appeal is frivolous if there are no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that there is no reasonable possibility of reversal."  In re Marriage of Schnurman, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).  "An appeal that is affirmed simply because the arguments are rejected is not frivolous."  Id.   While we affirm the trial court's orders, Williams-Majid's appeal was not frivolous.  We decline to award attorney fees to Rosa-Valentin on appeal.

Affirmed.

WE CONCUR:

- 6 -